**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-1580

LALU AHMAD MAKBUL,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: January 12, 2012        Decided: January 31, 2012

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioner. Tony West, Assistant Attorney General, John S. Hogan, Senior Litigation Counsel, Matthew A. Connelly, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lalu Ahmad Makbul, a native and citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his applications for asylum, withholding of removal and withholding under the Convention Against Torture ("CAT"). We deny the petition for review.

The immigration judge denied Makbul's asylum application because he filed it more than one year after entering the United States and he did not show changed country conditions or extraordinary circumstances that would excuse the one-year filing period. Under 8 U.S.C. § 1158(a)(3) (2006), the decision regarding whether an alien has complied with the one-year time limit for filing an application for asylum or established changed or extraordinary circumstances justifying waiver of that time limit is not reviewable by any court. See Gomis v. Holder, 571 F.3d 353, 358-59 (4th Cir. 2009). Although § 1252(a)(2)(D) provides that nothing in § 1252(a)(2)(B), (C), "or in any other provision of this Act . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law," this court has held that the question of whether an asylum application is untimely or whether the changed or extraordinary circumstances exception applies "is a discretionary determination based on

2

factual circumstances." Gomis, 571 F.3d at 358. Accordingly, "absent a colorable constitutional claim or question of law, [the court's] review of the issue is not authorized by § 1252(a)(2)(D)." Id.

Because Makbul fails to raise a constitutional claim or colorable question of law, this court lacks jurisdiction to review the finding that his asylum application was untimely filed.

While this court does not have jurisdiction to consider the denial of Makbul's untimely application for asylum, the court retains jurisdiction to consider the denial of his requests for withholding of removal and protection under the CAT as these claims are not subject to the one-year time limitation. See 8 C.F.R. § 1208.4(a) (2011).

"Withholding of removal is available under 8 U.S.C. § 1231(b)(3) if the alien shows that it is more likely than not that h[is] life or freedom would be threatened in the country of removal because of h[is] race, religion, nationality, membership in a particular social group, or political opinion." Gomis, 571 F.3d at 359 (internal quotation marks omitted); see 8 U.S.C. § 1231(b)(3) (2006). "This is a more stringent standard than that for asylum . . . . [and], while asylum is discretionary, if an alien establishes eligibility for withholding of removal, the

3

grant is mandatory." Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006) (citations omitted).

This court affords "a high degree of deference" to a determination that an alien is not eligible for withholding of removal, and reviews administrative findings of fact under the substantial evidence standard. Gomis, 571 F.3d at 359. Under the substantial evidence test, affirmance is mandated "if the evidence is not 'so compelling that no reasonable factfinder could' agree with the BIA's factual conclusions." Gandziami-Mickhou, 445 F.3d at 354 (quoting Huaman-Cornelio v. Bd. of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992)).

We conclude that substantial evidence supports the finding that Makbul failed to show that he suffered past persecution or that it was more likely than not that his life or freedom would be threatened due to a protected ground if he returns. We also conclude that substantial evidence supports the Board's decision that Makbul did not show he was eligible for relief under the CAT.

Makbul has waived review of the Board's decision not to reinstate a period of voluntary departure because in his brief, he fails to challenge the reasoning behind the Board's decision. See Yousefi v. INS, 260 F.3d 318, 326 (4th Cir. 2001).

4

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED